**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 9:23-CR-00025-MAC-ZJH** |
| **vs.** | § | |
| | § | |
| | § | |
| **KENDRICK ANTON MARSHALL (3)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 4, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

***Background***

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine (Actual), a Class C felony, Defendant Kendrick Anton Marshall, was sentenced on September 5, 2024, by United States District Judge Marcia A. Crone. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. The Court sentenced Defendant to an imprisonment term of 42 months, followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, mental health treatment, and placement in a residential reentry center. The Court reduced Defendant's sentence to 30 months on February 25, 2025. Defendant completed his term of imprisonment and started his term of supervised release on September 26, 2025.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 16, 2026, United States Probation Officer Laura Palafox alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed two counts of Assault Causes Bodily Injury Family Member on May 23, 2026.

2. **Allegation 2 (standard condition 3): The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.** It is alleged that Defendant left the federal judicial district on or about May 18, 2026 without prior permission from the probation officer.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant moved to a different residence on or about February 18, 2026 and failed to notify his probation officer.

4. **Allegation 4 (special condition): The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by his treating physician. The probation officer, in consultation with the treatment provider, will supervision his participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to take his mental health medication as directed and failed to participate in mental health treatment through Community Healthcore on or about February 23 and May 18, 2026.

5. **Allegation 5 (special condition): The defendant shall pay to the United States a special assessment of $100.00 for Count 6, which shall be due immediately.** It is alleged that Defendant failed to pay his special assessment fee of $100 since his release from imprisonment on September 26, 2025.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Family Violence, leaving the judicial district without prior permission, moving without notifying his probation officer, failing to take his mental health medications or to participate in mental health treatment, or failing to pay his special assessment, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 3 to 9 months.

***Hearing***

On September 4, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 6 months to be followed by a 6-month term of supervised release to be served in a halfway house. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### ***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months to be followed by a 6-month term of supervised release to be served in a halfway house. Through an individualized assessment, I determined that a 6-month term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months to be followed by a 6-month term of supervised release to be served in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months to be followed by a 6-month term of supervised release to be served in a halfway house.

So ORDERED and SIGNED this 4th day of September, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE